{¶ 31} Being unable to agree with the majority's disposition of this case, I respectfully dissent.
 {¶ 32} At the outset, I do not agree that our jurisdiction to hear this appeal is an issue that was appropriate for us to have addressed sua sponte. Having raised the issue sua sponte, I do not believe we should decide the merits without requesting additional briefing from the parties. The majority having elected to address the jurisdictional issue sua sponte, I must also disagree with the majority's decision on the merits of the issue.
 {¶ 33} The majority concludes that the state does not have an appeal of right because the amendment to the charge against appellee changed the character of the proceedings from a delinquency case to an unruliness case. Because the relevant portion of R.C. 2945.67(A) allows the state an appeal of right only when a trial court grants a motion to dismiss in a "delinquency case," the majority concludes that no appeal *Page 13 
of right exists in an unruliness case, and thus the state could only proceed to appeal the dismissal of the unruliness case by leave of court.
 {¶ 34} However, this construction omits the fact that the portion of R.C. 2945.67(A) that governs appeals by the state with leave of court also speaks only in terms of "delinquency cases." Thus, although omission of any reference to unruliness cases in the statute setting forth the state's appeal of right when a trial court dismisses all or part of an action could be construed to mean that the state has no appeal of right when a trial court dismisses an unruliness action, it does not follow that the state's only appeal of the dismissal of an unruliness action would be by leave of court. Instead, because the portion of R.C. 2945.67(A) governing appeals with leave of court also omits any reference to unruliness cases, this construction would lead to the conclusion that the state can never appeal the dismissal (or, for that matter, any other adverse ruling rendered) in an unruliness case. I respectfully disagree with this construction.
 {¶ 35} The majority appears to be attempting to distance itself from the implications of its interpretation of R.C. 2945.67(A) by suggesting that the rules of appellate procedure establish a separate basis for the state to file an appeal. However, the appellate rules cited do not determine whether the state does or does not have an appeal of right in a given case, but rather establish the procedure to be followed depending on whether an appeal is one of right or is one for which leave must be sought. The right to appeal itself must still have a basis in some provision of law other than the appellate rules, and in this case that basis is R.C. 2945.67(A). If that statute does not provide for an appeal by the state from an order dismissing an unruliness action, it makes no difference which appellate rule the state follows in filing its appeal. *Page 14 
 {¶ 36} The majority correctly points out that the state may re-file this action against appellee; however, it must do so in accordance with the trial court's interpretation that R.C. 2152.021 requires the state to file truancy actions against the child and the parents jointly. By not addressing the merits of the assignment of error raised, we place the parents in a position of defending, and the state in a position of pursuing, an action that the state by its own admission does not believe it can prove. Because I do not believe we should lightly put parents and the state in this position, and because I believe this court to have jurisdiction over this appeal, I would address the merits of the argument raised by the state and determine whether R.C. 2152.021 does, in fact, require the state to pursue truancy-related charges against both child and parents.
 {¶ 37} Because I cannot agree with the majority's decision to dismiss this appeal for lack of jurisdiction, I respectfully dissent. *Page 1